UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEPHEN L. BANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:07-CV-458 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 13 and 14] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 and 18]. Plaintiff Stephen L. Bane seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of Defendant Commissioner.

In January 2005, the Plaintiff filed an application for supplemental security income payments, claiming disability as of December 24, 2003. [Tr. 43-47]. After his application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On May 23, 2007, a hearing was held before an ALJ to review determination of the Plaintiff's claim. [Tr. 270-94]. On July 17, 2007, the ALJ found that the Plaintiff was not disabled. [Tr. 10-18]. The Appeals Council denied the Plaintiff's request for review [Tr. 3-6]; thus the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's

decision.

I. **ALJ Findings**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since December 24, 2003, the alleged onset date (20 C.F.R. 404.1520(b), and 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*)

3. The claimant has the following "severe" combination of impairments: a chronic lumbar strain; morbid obesity; and hypertension. (20 C.F.R. 404.1520(c) and 416.920(c)). He also has the following "non-severe" impairments: a non-specified anxiety disorder; and a developmental reading disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light and sedentary work except climbing, balancing, stooping, kneeling, crouching, and crawling are limited to "occasionally;" and he should refrain from [work that would expose him] to hazards due to his morbid obesity.

6. The claimant is unable to perform any past relevant work. (20 C.F.R. 404.1565 and

416.965).

7. The claimant was born November 3, 1966 and was 37 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 C.F.R. 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English. (20 C.F.R. 404.1564 and 416.964).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. 404.1560(c) and 404.1566, 416.960(c), and 416.966).

10. The claimant has not been under a "disability" as defined in the Social Security Act, from December 24, 2003, through the date of this decision. (20 C.F.R. 404.1520 (g) and 416.920(g)).

[Tr. 12-17.]

## II. Disability Eligibility

An individual is eligible for Social Security Insurance benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful

3

work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

4

**III.    Standard of Review**

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**IV.    Analysis**

On appeal, the Plaintiff argues that substantial evidence does not support the ALJ's disability determination. The Plaintiff contends the ALJ erred by: (A) not classifying the Plaintiff's developmental reading disorder as a severe impairment and (B) finding that the Plaintiff's mental functioning impairment did not satisfy the requirements of Section 12.05(c) of 20 C.F.R. Part 404, Subpart P, Appendix 1. [Doc. 14]. The Commissioner, in response, contends substantial evidence supports the ALJ's finding as to the Plaintiff's reading disorder and mental functioning impairment. [Doc. 15].

### A. *Plaintiff's Developmental Reading Disorder*

The Plaintiff argues that the ALJ erred by finding that his developmental reading disorder was not severe. [Doc. 14 at 4]. The Commissioner contends that the severity is inconsequential since the ALJ continued the analysis and did not stop at step two. Alternatively, the Commissioner argues that the impairment is not a significant limitation on the Plaintiff's ability to work and therefore not severe.

Severity of an impairment is evaluated in step two of the five step process outlined in 20 C.F.R. § 1520(a)(4). To be severe, the impairment must significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 1520(c). The physical or mental impairment or combination of such impairments must also meet the duration requirement of 20 C.F.R. § 1509. Section 1509 requires that an impairment either be expected to result in death or it have lasted or be expected to last for a continuous period of at least twelve months. Neither party takes issue with the duration requirement, and therefore, the court addresses only the significance of the impairment's limiting effect.

Based upon the Plaintiff's Psychiatric Review Technique Form completed by Andrew P. Hay, Ph. D., the ALJ did not classify the Plaintiff's reading disorder as severe. The Psychiatric Review recognized the reading disorder [Tr. 182] but concluded that it had no more than a mild limiting effect on his functioning [Tr. 191]. As 20 C.F.R. § 416.920a explains, impairments that are classified as only having "mild" limiting effects are generally not severe. In pertinent part, the statute instructs claimants:

> If we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" . . ., we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability

to do basic work activities . . . .

20 C.F.R. § 416.920a. In addition to the "mild" classification in the Psychiatric Review, the ALJ noted that the Plaintiff's long-term employment and regular social activities supported the conclusion that the impairment was mild. No evidence otherwise indicated that the impairment affected the Plaintiff's ability to do basic work activities. This evidence and statutory instruction support the ALJ's conclusion that the impairment was not severe.

The Plaintiff cites Higgs v. Bowen, 880 F.2d 860 (6th Cir. 1988) for the proposition that 20 C.F.R. § 404.1520(c) is "a *de minimis* hurdle in the disability determination process." Id. at 862. After the Plaintiff's excerpt, the court in Higgs went on to explain that the *de minimis* nature of this initial hurdle means that "in the vast majority of cases a disability claim may not be dismissed without consideration of the claimant's individual vocational situation." Id. Contrary to the Plaintiff's use of the case, Higgs supports the ALJ's decision.

While this impairment was not deemed severe under step two evaluation, the decision-making process nonetheless continued beyond step two, and the ALJ took the impairment into consideration when he made the overall vocational evaluation at step five. [Tr. 16].

The ALJ properly consulted the Psychiatric Review Technique Form, which stated that the Plaintiff's reading impairment had only a mild effect on his functioning. The findings in the Psychiatric Review were consistent with the facts known about the Plaintiff's work history and daily activities. The evidence of record supports the ALJ's decision, and the decision is consistent with applicable law. The Court finds that the ALJ's decision to classify the Plaintiff's reading disorder as 'not severe' was supported by substantial evidence.

### B. *Mental Functioning Impairment*

The Plaintiff also argues that the ALJ erred in finding that the Plaintiff did not satisfy the requirements for impairment listed in Section 12.05(c) of the "Listing of Impairments." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. The Plaintiff argues he meets the criteria for disability due to mental retardation because: his subaverage general intellectual functioning with deficits in adaptive functioning manifested before age 22; he obtained a full scale IQ score of 60 through 70; and he has a physical or other mental impairment imposing an additional and significant work-related limitation. [Doc. 14 at 6].

The Plaintiff's mental retardation is evaluated under 20 C.F.R. Part 404, Subpart P, Appendix 1. § 12.05. Because the Plaintiff attained an IQ score above 70 on the WAIS-III, his mental abilities are evaluated under 12.05(C) or 12.05(D). The Plaintiff must show:

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> Or
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

The ALJ found that the Plaintiff graduated high school, worked as a grocery store stocker for 19 years, and obtained a driver's license [Tr. 13]; all of which weighed against finding the

additional limitations, restrictions, or difficulties necessary for classifying the Plaintiff as mentally retarded under Section 12.05. In addition, the ALJ noted that the psychologist who administered the IQ tests concluded that the Plaintiff functioned at a borderline range of intelligence rather than in the mental retardation range. [Tr. 176.] The ALJ concluded that the Plaintiff's "life and the variety of daily activities the claimant performs are not compatible with someone who functions in the mild mental retardation range of intelligence . . . ." [Tr. at 13] and agreed with the psychologist that Plaintiff functioned in "the borderline range of intelligence." The Plaintiff's history and abilities along with the testing physician's opinion weigh against finding the additional limitations, restrictions, or difficulties required under 12.05(C) or 12.05(D). Evidence that the Plaintiff went to an occupational school rather than an academic high school and requires assistance from family members does not sufficiently counter this evidence or the ALJ's conclusion.

The ALJ's decision is supported by substantial evidence. The Plaintiff's WAIS score is the upper limit for qualifying as mentally retarded under Section 12.05 of the List of Impairments. The ALJ's finding that there was no significant work-related limitation, as required by 12.05(C), and no marked restrictions, marked difficulties, or repeated episodes of decompensation, as required by 12.05(D) is supported by substantial evidence.

## V. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine the Plaintiff is capable of performing light work. Substantial evidence supports the ALJ's

9

findings and conclusions. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion For Summary Judgment [Doc. 13] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 17] be **GRANTED**.

                                                           Respectfully submitted,

                                                     s/ C. Clifford Shirley, Jr.
                                                   United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).